Good morning, everyone. The panel has before it a total of six cases, three being argued and three being submitted later today on the briefs. But before we hear the first case and argument, the Court will entertain a motion concerning admission to the Bar of the Court from our esteemed colleague, Judge Daniel M. Friedman. Judge Friedman. I move the admission of Tanya Mazur, my law clerk, who is a member in good standing of the California Bar, and I can attest that she is well qualified to be a member of the Bar of this Court. Judge Rader, I assume that we have a majority to grant this motion? We sure do. Thank you. The motion is granted. Thank you, Judge Friedman. And Ms. Mazur, welcome to the Bar of the Court. Turn and face the clerk to take the oath. I pledge allegiance to the flag of the United States of America and to the republic for which it stands, one nation, under God, indivisible, with liberty and justice for all. I do. Congratulations, and welcome to the Bar of the United States Court of Appeals. Thank you. The first case on the argument list is in Appeal 2007-7293, Ernie v. Department of Veterans Affairs. Mr. Carpenter, welcome back. Good morning to you. Thank you very much, Your Honor. Please proceed. May it please the Court, Kenneth Carpenter appears before you on behalf of Mr. William Ernie. Mr. Ernie appeals the decision of the United States Court of Appeals for Veterans Claims. In that decision, Mr. Ernie believes that the Veterans Court, as the Board had, mistakenly relied on the rule of law created by this Court in Smith v. Brown concerning the review of an inferior tribunal of a superior tribunal. Even if it's correct that such a mistake was made, how is it within our limited statutory jurisdiction here at the Federal Circuit? Congress amended this Court's statutory jurisdiction, 7292A, by adding review with respect to the validity of decisions by the Veterans Court on a rule of law. But did you think that amendment changes the basic rule that we have no jurisdiction to consider factual issues? Yes, Your Honor, I believe it does. Is there anything in legislative history that shows that? I believe this Court's decision in Morgan decided that squarely, that that was the interpretation made in Morgan of the amendment to 7292, that when dealing with questions of rules of law, such as equitable tolling, and in this case, the rule presented here involving superior jury. The rule is that the regional office cannot say that the Board, which is its reviewing tribunal, made a mistake. That's correct. And you don't challenge that. I don't challenge that rule, not at all. No, I challenge the application of that rule. So the Board had the correct understanding of the rule of law. Of the rule, as did the Veterans Court. And wasn't the problem that they made a mistake of what decision was being declared to be tainted by clear and unmistakable error? And why isn't that more in the nature of a factual as opposed to a legal mistake, even though it involves interpreting a decision, which you could say is a legal document? Because the effect of that determination deprived Mr. Ernie of a review of the 2004 decision, which he had appealed. They reviewed that 2004 decision by saying that the 2004 decision had found clear and unmistakable error in the 1998 decision. I'm not doubting that there was an adverse consequence from the misapprehension by the Board as to what decision had been declared tainted. But as to whether it's within our jurisdiction, a misapprehension of what decision was being referred to in another decision doesn't sound like a matter of general application, such as the interpretation of a statute or a regulation. Well, it is not, Your Honor. It is an application of a rule of law. And the question is whether that rule of law was correctly applied by the Board. Is it an application of law or is it a mistake of fact? Well, that's an interesting question, Your Honor. I think it's probably a mixed question because you have to determine whether or not, as a matter of law, what took place factually was a review by the inferior tribunal of the superior tribunal. And once you make that determination, I believe that's a legal determination. Why? Because you have to determine what the decision was that was being reviewed and revised by the lower tribunal. I think we can all agree on that, that the issue here is which of two possible decisions was being referred to by the Veterans Board when it said there was an ultra vires action by the regional office. But it's not clear to me that that is legal in nature as opposed to a sort of mistake of fact as suggested by Judge Rader's question. Well, Your Honor, it arose in the context of a decision made by the Board without any prior notice to Mr. Ernie. Mr. Ernie had filed a notice of disagreement with the 2004 decision, perfected that appeal, and didn't find out. I'm assuming that the Board made a mistake and that it hurt Mr. Ernie's chances. But those two facts, despite being so assumed, don't automatically mean we have jurisdiction. There's an additional hurdle, it seems. But what I'm suggesting, Your Honor, is that if the Board was going to make new factual findings, then they should have put Mr. Ernie on notice that they were making new factual findings. The Board did not consider that they were making new factual findings. The Board considered that they were making a legal determination, and they made that legal. But I would have thought that your argument would be that interpreting the meaning of an opinion of some tribunal, what the tribunal really was holding, that that's run-of-the-mill determinations for appellate courts. Yes, they do it all the time, and that's all. But I was troubled why, when you told me earlier that you thought this 2000 Statutory Amendment modified the general rule that we cannot review factual determinations. I believe that it does, Your Honor, but within the limited scope of the context of a rule of law decision by the court below. Do you say that's what's involved in this case? Yes, Your Honor. What? Yes, Your Honor. Well, then if you say that, if that's what you're saying, it seems to me necessarily implicit in that is an acknowledgment that what we're being asked to review is a factual question. An application of that rule. Well, forget about the application of that rule, because it seems to me the only way that thing comes into play is if, in fact, what we're being asked to do is to review a factual determination. And that comes down, then, all you've really got to argue is that the statute changed the rule. And although it doesn't permit us to review factual determinations of the application to facts of statute or regulation, it does permit us to determine the application of a rule of law to the facts. And why should there be a different rule governing the rule of law than governing a statute or regulation? Well, as Judge Flager suggested in the Morgan opinion, Congress's intent is less than clear. But what is clear is that they intended to expand this court's jurisdiction to what they referred to as a rule of law. However, the question here, Judge Friedman, is what the action was that was taken by the Veterans Court. And the Veterans Court reviewed the legal determination, the board decision that they had made. And they agreed that there was a correct application of the rule of law in Smith. And they specifically relied on the rule of law in Smith. We believe that under the amendment that we have the right to judicial review by this court of the determination by the Veterans Court and that that is a legal determination subject to the application of the rule of law established in Smith v. Brown. I thought the language of the statute was decision on a rule of law. How is the Veterans Court decision in this case a decision on a rule of law? Because it affirmed the decision made below by the Veterans Court that the rule of law in Smith applied and that the regional office had made decisions. But isn't the only question, the only question on the merits of this case, whether the regional office in its 2004 decision was referring to a decision of the board or to its own prior decision? That's the legal issue, isn't it? That's correct. So I don't understand why all this talk about a rule of law and so on. It seems to me that's a fairly narrow question. And the only reason you can make the argument is because when it used the magic words clear and unquestionable error, it did not explicitly in that sentence say committed by the board. Although all of the discussion seems to relate to the board's prior decision. No, the discussion does not relate to the board's prior decision except to the extent that the document which was relied upon to make their decision, which they found to be an informal claim, was a written document submitted prior to the 1989 decision. Submitted to the board? Submitted to the board. Why wasn't the whole procedure before involving the board's action rather than the regional office's action? Because the board took the action not to consider that document and referred it back in 1990 to the regional office for a decision. But the argument turns on what was the effect of filing the document. Is that correct? As I understand your argument, you say, well, this document was filed and in this document we asserted a claim to 100% disability. And the document, as I gather everyone concedes, was filed with the board. That's correct. In anticipation of an appeal as to the rating assigned for post-traumatic stress disorder, which in 1989 only included post-traumatic stress disorder. The purpose of the document in 1989 was to show that there were VA medical records that implicated his problems with alcohol abuse and his personality disorder that were approximately due to or the result of that condition. The VA in 1994 decided that he was entitled to compensation for that decision. That happened five years after the fact. The VA waited more than 14 years before they responded to the direction of the board in 1990 and made the decision in 2004 and found that, yes, that was an informal claim under VA regulations and that they should decide. Frankly, why they decided to add the language of clear and unmistakable error, in my view, is unknown. It wasn't necessary. It was an informal claim, which is what they found it to be, and then they corrected the effective date, which had been assigned based upon- What is the error you claim the Veterans Court committed in this case, specific error? It's mistaken reliance on the rule of law applying in Smith to the facts in this case. The facts in this case do not implicate the rule of law in Smith. And they relied on that rule of law. You mean the facts are the facts as found by the board? Because what we have here is the board found that the regional office was referring to the board's prior decision and the Veterans Court affirmed that. That's correct. And the question is, do the facts support that finding? That was the issue that we wished to present to the Veterans Court. The Veterans Court said that they would not hear that because, in fact, the facts supported the opposite view. That is an application of the rule of law in Smith v. Brown. And we believe that we have the right to review them. Do you want to save the remaining time for rebuttal? Thank you, Mr. Carpenter. Ms. Conrad? Thank you, Your Honor. May it please the Court. This Court does not possess jurisdiction to entertain this appeal because Mr. Ernie is challenging the application of law to the facts of this case. But what is the factual issue that you say we would have to decide if we entertain his appeal? The factual issue, the actual dispute in this appeal is about a factual determination made by the board and the Veterans Court that the 2004 RO decision found Q, clear and unmistakable error, in the 1989 board decision. Both the board and the Veterans Court made that factual determination. That is the factual determination that this Court would have to set aside in order to find in favor of Mr. Ernie. And the question really, I guess, is whether that fact can be fairly characterized as a factual determination. That is fact. Because as I suggested to Mr. Carpenter, appellate courts every day of the year are looking and saying, what did the district court decide in this case? What does his opinion mean? Its opinion is somewhat ambiguous. And is that a factual question? Yes, Your Honor. In this instance, it is a factual question. Whether there was clear and unmistakable error, that could be considered a legal question. But in this instance, they were just looking at where the RO found clear and unmistakable error. It was the RO that made the clear and unmistakable error determination. And they looked at the facts of the case and found that the RO was finding clear and unmistakable error in the 1989 board decision. Well, when you say they looked at the facts of the case, I thought they looked at the text of the RO ruling. They looked at the text of the RO ruling, but also they considered the facts of the case because if the 1989 – if it was clear and unmistakable error for the VA not to consider his October 1989 filing to be an informal claim. And they set that effective date as October 1989 for his 100% disability rating for his post-traumatic stress disorder. Then that effectively revised the 1989 final board decision, which found that the most his post-traumatic stress disorder was rated – should be rated at was 50% disabling. So the effect of the 2004 RO decision was to revise the 1989 board decision. Now as I understood what Mr. Carpenter told me in his argument, he concedes apparently that this was a factual determination, but says that the statutory amendment, the rule of law amendment if you want to call it that, now does permit us to consider in some limited circumstances factual determinations. I think that's what he was arguing as I understood it. That was my understanding as well, Your Honor, and we would disagree with that interpretation because the amendment in 2002, although it amended subsection 7292A, it did not amend subsection 7292D2, which said that except to the extent an appeal presents a constitutional issue, this court may not review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case. Therefore, we interpret that – Whether a rule of law is relevant to the situation at hand. Maybe that's different. This case involves whether the rule of law was actually correctly applied because if you look at the actual dispute… …the rule of law was relevant or wholly unrelated to the circumstance at hand. That's correct, Your Honor, because the actual dispute is a factual determination. If the factual determination was correct, then the rule of law applies. I don't think that there's a dispute about that. How can it be a factual determination that a rule of law applies in a certain situation or doesn't apply in a certain situation? Isn't it a question of a legal interpretation of the scope of that rule of law compared to the factual circumstance to which it sought to be applied? But that's not the dispute in this case. The dispute in this case is which decision did the 2004 RO find… Of course, but when you reach a conclusion on that, you're then able to reach a conclusion on a different question, which is whether the prohibition on ultra-virus overruling by a lower tribunal is relevant and applicable or not relevant and not applicable. Yes. Well, is the second thing not a legal question? No, because what it really deals with is the application, whether a rule of law applies to the facts, which this Court still does not have jurisdiction to review. I think that's what the issue is. And that I wonder about, because you made the point a couple of minutes earlier that the amendment did not cover the statutory provision saying we can't review factual determination. But what the statutory provision says, we cannot review the application of a statute or a regulation to the particular facts, doesn't it? No, it says challenge to a law or regulation. Law or regulation. So, invariably, they didn't change it to say just statute or regulation. It says challenge to a law or regulation. And you suggest that wasn't changed, was it? Right, that was not amended. And so therefore, before that, law must have meant the statute. No, I wouldn't say that's necessarily true. And the law does not necessarily include a rule of law that the agency itself or the Court has developed. I'm not sure. What's your question? Whether that makes a difference? You made the point that the amendment to the statute, extending it to rule of law, doesn't help him because there was no change made in the provision that says a law or the application of a law or regulation is not within our jurisdiction. And I was suggesting to you that perhaps that isn't dispositive because the word law or regulation does not necessarily include the rule of law that the agency has developed or the Court has developed. Well, this Court made decisions on rules of law, for example, Bailey v. West and equitable tolling before the 2002 amendment came into play. I would say I do think that supports this argument because Congress, when they amended that statute, could have specifically said, except for a challenge to the application of a rule of law. They could have made or they could have changed it to a challenge to a statute or regulation. They could have expanded this Court's jurisdiction to consider the application of rules of law to facts of the case, but they did not. Since we're not bound by any declaration by the Veterans Court or the Veterans Board or the regional office on what the law is, can one say in a meaningful way that any of those three tribunals are empowered to make law? Or is the making of law, other than through enacting statutes or promulgating regulations, something that only this Court can actually do? You mean whether those tribunals can make judge-made law? Yes. Yes, they can make judge-made law, and then this Court could review whether that judge-made law was proper under section 7292A. That would be an application of— The question isn't whether we can review it. The question is whether it's meaningful to say that the R.O. is able to make law to declare a legal rule of general applicability to many, many cases as opposed to simply make a determination on the claim before the R.O. at the moment. Whether they can apply equitable—I think they have the jurisdiction to apply equitable principles to a case. I'm not talking about equitable principles. I'm talking about whether the R.O. can make a rule of law of general applicability or whether that's beyond the powers of the R.O. I think that would be within the powers of the R.O., of course, subject to review by the Board, the Veterans Court, and this Court. What would be the source of the power of an official at the R.O. to make a new rule of law regarding the entitlement of veterans as a general class to certain benefits in a certain category of cases? Their general power to decide VA claims. I don't know the specific answer to that question. Well, wouldn't there have to be— However, that's not an issue in this case. Wouldn't there have to be a source of authority? Yes, yes. I would—yes. And it would have to be a statute or a regulation. Yes, yes. But you can't point to one. Right. I don't know that off the top of my head. But that's not an issue in this case because what we have here is whether the Veterans Court and the Board—an issue of whether they correctly applied a rule of law. And I think, actually, I need to bring up whether Smith v. Brown even sets forth a judge-made rule of law. I don't think it's clear that it does because in going over the decision in Smith, it looks like when they found that regional offices could not review superior tribunals, they were looking at the statutory structure of Congress and the VA's regulation. Every time the court—the Veterans Court or this court—interprets the VA's regulations and statutes, it does not create a rule of law. If that was true, then that would greatly expand the jurisdiction. But ordinarily, I suppose, one way that an agency creates a rule of law is through issuing regulations. That's correct. Well, right. But some of the National Labor Relations Board creates rules of law by announcing decisions. It doesn't follow the regulatory pattern. And I don't know. It strikes me as a very difficult and strange situation. You're correct, Your Honor. And as Mr. Carpenter, I think, pointed out, Section 7292 is not the clearest statute in the world. I mean, this court pointed out in Morgan that when they amended the legislative history in 2002—when they amended the statute in 2002, the legislative history stated it was amended so this court can review the Veterans Court's decision based on rules of law not derived from specific statute or regulation. Am I correct that what we're talking about here is about six months of effective date? That is correct, yes. But it's also important to remember that when the RO did give Mr. Ernie an earlier effective date, he was the one that chose to appeal that to the board because he still believed that was incorrect. Is it only six months or five years? What's your point? He chose to appeal it to the board and therefore what? I don't think—the actual thing that's really in dispute is six months. He seeks more than six months of back benefits. Is it six months? We'll find out perhaps on his rebuttal, Mr. Carpenter can tell us. I'm not clear whether he's asking for additional six months or is it five years? I believe he's asking for an additional five years, but he can address that on rebuttal. Is it five years of back pay that is an issue in this case? But the difference between the RO decision and the board decision is six months. That's correct, Your Honor. We respectfully ask the court to dismiss. Thank you. All right. Thank you, Mr. Carpenter. How would he ever get to five years, Mr. Carpenter? Because the original claim goes back to 1985 and there was evidence going back to the day— Yeah, but on this record, how would it—I'm trying to figure out—you would ask us to remand and then you would make that argument on remand? Yes. Is that how that had happened? Yes. And we would remand on what basis again? We would remand, wouldn't we, with instructions to then enforce the board decision? That's correct. Which would be only six months of difference. No, actually— He'd actually lose six months, but then— No, he lost— So how do you get your five years? How do you win? How do you get where you want to go? When the VA made its decision in 2004, it amended the effective date for the assignment of the total rating for post-traumatic stress disorder with alcohol abuse and personality disorders. That didn't happen until 1994. We believe that's the decision if they found clear and unmistakable error, that they found clear and unmistakable error, because that's the only decision that ever addressed a total rating. But how does this get you there? In the 1994 decision, it came up for the first time, and when they changed it in 2004, they went back to 1989, based upon the date of the written document submitted to the board. The argument would be that these records were extant at the time of the VA's original decision awarding service connection for post-traumatic stress disorder, that VA records showed both alcohol dependence and personality disorder as part of the comorbid diagnosis. I'm not clear. You claim that the effective date for the 100% disability should be 1989? 85, if you're— 85. That's correct. The date that was assigned in 1994 was 1989. The six-months differential that Judge Rader is referring to is what the board did, is they ignored what the 2004 board decision did in assigning the 89 and assigned it effective 1990. But you're claiming that you're entitled to backdate it five years. Well, it's not quite five years from 1985 to 1989. Roughly, five is against one, or six months. Well, actually, he didn't lose the six months. Under VA regulation, when the VA made that favorable decision, even though the board corrected it, they weren't able to take those benefits away. Unless there's any further questions, Your Honor. All right. Thank you. We'll take the appeal under submission.